## Petition of Berwick Borough Council

*David C. Dickson,* for borough council.
*William S. Kreisher,* contra.

### STATEMENT OF FACTS

MYERS, P. J., March 30, 1972.—On September 13, 1971, the Council of the Borough of Berwick passed a resolution to abolish the ward system in the borough. Pursuant to the resolution, a petition was filed in this court and in due course the court in November 1971, appointed a fact-finding commission composed of Howard R. Berninger, Esq., Edsel Heller and Luther Worthington to investigate the merits of the resolution and subsequently to make recommendations to the court.

In November 1971, a regular general election was held and several new council members were elected to the Berwick Borough Council and took office on January 3, 1972. These new council members replaced cer-

tain other councilmen who had previously voted to abolish the ward system.

The new council, which presumably favors retention of the ward system, passed a resolution and petitioned the court for permission to withdraw the former petition and requested the court, inter alia, to abolish the fact-finding commission.

A former councilman, Andrew Soback, filed an answer to the latest petition, and oral argument by respective counsel was heard by the court on March 27, 1972. The narrow question raised by the latest petition is now before the court for disposition, the question being whether or not the court should retain jurisdiction in the matter, or refer the same back to the present borough council.

## DISCUSSION

The Borough Code of February 1, 1966, P. L. (1965) 1656, No. 581, §601, 53 PS §45601, provides the court with broad discretionary powers in matters of problems such as these. The 1971 Berwick Borough Council apparently was looking to the court for assistance in helping to solve these problems. The problems facing the 1971 borough council were precipitated by the mandatory so-called "One Man-One Vote Rule" which, in effect, left the Borough of Berwick with one of two alternatives: (1) To realign the four wards into areas of reasonably equal population according to the census with each ward continuing to elect its own councilman; or

2. To adopt the "at large" method of electing councilmen, in which each candidate would be voted upon by the electorate of the entire borough, thereby abolishing the ward system.

The same basic problems face the 1972 borough

council as those faced by the 1971 council with regard to the questions raised herein. It is clear and undisputed that one of the two alternatives must be adopted within a reasonable time.

We believe the inherent intent in the formation of the commission by the court in 1971 was to establish a fair, impartial and nonpartisan instrumentality to sound out the populace of the Borough of Berwick with regard to these important issues. We feel the members of this commission were and are well qualifed to carry out these duties.

The use of such commissions to investigate and report to the court in such matters is widespread throughout the Commonwealth. See Borough of Kingston Petition, 1971, no. 485, Luzerne County.

Under all of the circumstances, we conclude it is most advisable and equitable to allow the commission to pursue and conclude its task.

Without passing upon the merits of the respective contentions at this time, and without further comment, we make the following

## ORDER OF COURT

And now, to wit, March 30, 1972, the commission composed of Howard R. Berninger, Esq., Edsel Heller and Luther Worthington is hereby directed to perform its duties previously set forth in the above-captioned matter, and to submit its report in the nature of findings of fact and recommendations to the court on or before June 1, 1972. The commission shall give public notice of the filing of its report in two newspapers of general circulation. Exceptions to said findings and recommendations may be filed in writing by any party in interest within 15 days following the filing of the commission report.

MYERS, P. J., August 31, 1972.—On September 13,

1971, council for the Borough of Berwick passed a resolution to abolish the ward system of voting for council members in the Borough of Berwick. Pursuant to the resolution, a petition was filed in this court; and in due course the court in November 1971, appointed a fact-finding commission composed of H. R. Berninger, Esq., Edsel Heller and Luther Worthington to investigate the merits of the resolution and to subsequently make recommendations to the court.

On January 3, 1972, the Berwick Borough Council passed a new motion to rescind the resolution passed on September 13, 1971, and subsequently the court granted a rule to show cause why the September 13, 1971, resolution should not be rescinded.

On March 27, 1972, a hearing was held on said rule and under date of March 30, 1972, the court entered an order retaining jurisdiction and directing the commission to perform its duties previously set forth and to file a report in the nature of findings of fact and containing recommendations to the court.

On June 22, 1972, the commission filed its report of seven findings of fact and a recommendation that the ward system of voting in the Borough of Berwick be abolished and that at-large voting or a borough wide form of election be instituted.

Exceptions to the commission's report were filed by David C. Dickson, Esq., solicitor for the present Berwick Borough Council. Answer to said exceptions was filed by William S. Kreisher, Esq., representing a former Berwick Borough councilman and others. Oral arguments were presented by the respective attorneys and the matter is now before the court for disposition.

We would commend the members of the commission for performing their duties capably and diligently. The commission's report to the court was an incisive and thorough summary of the results of their study and

investigation. We are mindful of and appreciative of the sincerity of those interested citizens and groups who expressed their respective positions and contentions relating to this issue.

We have studied and are aware of the cogent and persuasive arguments submitted by those citizens to substantiate their respective positions.

The court shares the commission's disappointment that more people did not attend the public meeting held by the commission at the Berwick Area Senior High School auditorium on April 27, 1972, to make their sentiments known.

It is true that the court has broad discretionary powers to enter such decree as it deems appropriate in this matter, including that of directing the Borough of Berwick to adopt one method or the other of electing its councilmen. However, it would seem that one of the underlying philosophies of the recent Pennsylvania Constitutional Convention was to give more latitude to the municipality, borough or town to direct its own affairs. This objective was exemplified not only in the adoption of home rule charters but in other expressions as well.

Obviously, those most directly and permanently affected by the manner in which the members of the Berwick Borough Council are elected are the residents of the Borough of Berwick themselves. It would follow, therefore, that the resident electors should have the right to decide the manner in which their councilmen should be elected to represent them.

It should be noted that while the commission correctly believed it should make a specific recommendation to the court, which it did, the majority of the commission felt the court should give consideration to placing this question on the ballot.

It is also noteworthy that the November 7, 1972,

general election is a presidential election, at which time a substantial percentage of voters in the Borough of Berwick will undoubtedly exercise their voting franchise. We trust that interested citizens and groups will continue to present their respective contentions in such a manner that on November 7, 1972, an informed electorate will go to the polls to vote upon this important question.

Therefore, without belaboring the point, it is the conclusion of this court that the electorate of the Borough of Berwick should decide whether their councilmen should be elected at large, or whether the present ward system of election, properly realigned, should be retained; therefore, without further comment, we make the following

### ORDER OF COURT

And now, to wit, August 31, 1972, the Columbia County Board of Commissioners, sitting as the Columbia County Board of Elections, is hereby directed to place upon the Berwick Borough ballots at the November 7, 1972, general election by special referendum the issue as to whether the members of council of the Borough of Berwick shall be elected at large, or whether the present ward system of electing said councilmen shall be retained.

### DISCUSSION

On August 31, 1972, the court filed an opinion and order in the above-captioned matter, directing that the question relating to the method of electing councilmen in the Borough of Berwick, Columbia County, Pa., be placed on the November 1972 general election ballot.

The actual framing or wording of the question to appear on the ballot was left open to allow the respective attorneys to submit proposals to the court. This has now been done.

After considering the proposals, we conclude that the question on the ballot should be brief and to the point. It shall appear on the principal ballot rather than on a separate ballot.

We also conclude that the order in which the alternatives appear shall be determined by chance in the same manner that candidates are positioned on the ballot.

Therefore, without further comment, we make the following

### ORDER OF COURT

And now, to wit, September 19, 1972, the following shall appear on the ballot in all voting districts in the Borough of Berwick, Columbia County, Pa., in the general election to be held on November 7, 1972:

Councilmen in the Borough of Berwick shall hereafter be elected in the following manner:

At Large System ☐

Ward System ☐

Costs and fees of the members of the court-appointed commission shall be paid by the County of Columbia. All other costs and expenses incident hereto, including advertising of ballots, shall be paid by the Borough of Berwick.